Jason M. Tangeman
ANTHONY, NICHOLAS, & TANGEMAN, LLC
170 North Fifth Street
P.O. Box 928
Laramie, Wyoming 82072
307-742-7140
307-742-7354 (fax)

Alan S. Kaufman
Robert A. Jones
CHAMBERLAIN, KAUFMAN & JONES
35 Fuller Road
Albany, NY 12205
518-435-9427
518-435-9102

U.S. D[...]
DIST[...]
[...]ING

Stepha[...], Clerk
Cheyenne

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| PAUL A. MUMBY, ERIC HOLTZCLAW, WILLIAM G. JOHNSON, JOHN PAZEJ, Jr., RITTA PEAVLER, JAMES G. RAUCH, JEROME G. RAUCH, DAVID REDDIN, and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PURE ENERGY SERVICES (USA), INC.,<br><br>Defendant. | CIVIL ACTION NO. 09-CV-77-D |

## COMPLAINT

Plaintiffs, by their attorneys, Anthony, Nicholas & Tangeman, and Chamberlain, Kaufman & Jones, complaining of defendant, respectfully allege as follows:

### JURISDICTION AND VENUE

1. Plaintiffs bring this action to recover unpaid overtime compensation and other relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§201 et

seq., and for declaratory judgment under 29 U.S.C. §§2201 and 2202. Plaintiffs bring this action on behalf of themselves and others similarly situated pursuant to 29 U.S.C. §216(b).

2. Jurisdiction of this original proceeding is conferred on this Court under 29 U.S.C. §216(b) and 28 U.S.C. §1331 and §1337.

3. Venue in this court is established by 29 U.S.C. §216(b) and 28 U.S.C. §1391(b) in that defendant resides in this judicial district.

## THE PARTIES

4. Plaintiffs are or were employed by defendant, Pure Energy Services. Plaintiffs are or were employees of defendant within the meaning of 29 U.S.C. §203(e).

5. Defendant is an employer as defined by 29 U.S.C. §203(d).

6. Upon information and belief, defendant is a 100% owned subsidiary of Pure Energy Services, Ltd, and is incorporated under the laws of Colorado.

7. Defendant is an oilfield services company and conducts and has conducted oilfield services relating to new or existing natural gas wells and oil wells and related operations in the Rocky Mountain region of the United States. Defendant has field operations situated in Canada and Evanston, Wyoming, Grand Junction, Colorado, and Minot, North Dakota.

8. Defendant is an enterprise as defined by 29 U.S.C. §203(r).

9. At all relevant times, defendant was an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §203(s), in that it had employees engaged in commerce or in the production of goods for commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce and is an enterprise whose annual gross volume of sales made or business done was not less than

$500,000.

10. Plaintiffs have executed and file herewith their consents in writing to be a party in this case. Should other similarly situated individuals seek to join this action they will file written consents pursuant to 29 U.S.C. §§216(b) and 256.

11. At all relevant times, plaintiffs have been entitled to the rights, protections and benefits of the Fair Labor Standards Act.

CLAIM

12. Plaintiffs and similarly situated employees are entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for each hour worked in excess of 40 hours per work week under the overtime provisions of the Fair Labor Standards Act.

13. Plaintiffs have, during the applicable statutory time periods, worked in excess of the statutory maximum number of hours provided for in 29 U.S.C. §207 without receiving compensation for such excess hours worked at a rate of not less than one and one-half times their regular rates of pay.

14. More particularly, each of the plaintiffs has worked unpaid overtime hours in the oil field servicing operations of defendant.

15. Plaintiffs were scheduled to work and did work 12-hour shifts in the oil fields, up to seven days a week. On occasion, plaintiffs worked additional hours in the oil fields beyond their 12-hour shift as dictated by the work.

16. In addition to working their 12-hour shifts in the oil fields, some plaintiffs on occasion attended mandatory meetings before or after their shifts. Time spent at these meetings constituted hours worked.

17. Those plaintiffs who worked as crew supervisors were provided a truck by defendant, or used their own truck, and were required to bring the truck to the oilfields. In addition to transporting themselves to the oil fields, the supervisors transported personnel, personal and company-owned tools used on the job, fuel, and spare parts needed at the work site. The truck was also used during the work day.

18. The crew members were required to ride with the supervisor to the work site and the overwhelming percentage of the time the supervisor transported the crew members to the work site.

19. The hours spent by the crew supervisors transporting the truck and the personnel and items carried in the truck to the work site constitute hours worked.

20. Up until the time defendant changed its compensation system in approximately October, 2007, plaintiffs were compensated at a flat rate for each 12-hour shift worked. After the change, defendant paid plaintiffs hourly.

21. Prior to the change from a flat rate per shift to an hourly rate, plaintiffs were not paid overtime at time and on-half their regular rate for hours worked over 40 in a workweek.

22. Even after the shift to an hourly rate, defendant failed to count the hours spent by supervisors driving trucks to and from the work site as work time and failed to compensate plaintiffs who were supervisors at the overtime rate for all overtime hours.

23. Plaintiffs are similarly situated to the plaintiffs in Condos v. Pure Energy Services (USA), Inc., Case No. 07-CV-127J (D. Wyoming).

24. On February 8, 2008, the district court granted plaintiffs in Condos partial summary judgment, holding that defendant violated the overtime provisions of the Fair Labor Standards

Act by failing to pay plaintiffs overtime for all hours worked over 40 in a workweek at one and one-half plaintiffs' regular rate.

25. The February 8, 2008, decision of the district court in <u>Condos</u> is binding on defendant under the principles of collateral estoppel.

26. The failure of defendant to compensate the plaintiffs at one and one-half times their regular rate(s) for such hours worked is a violation of 29 U.S.C. §207. Such violation is redressable by the plaintiffs under 29 U.S.C. §216(b).

27. Defendant's conduct in failing to pay plaintiffs overtime as required by the FLSA was a "willful" violation under 29 U.S.C. §255.

28. Defendant is liable to plaintiffs in the amount of their unpaid overtime compensation and an additional equal amount as liquidated damages, and for reasonable attorneys' fees, together with the costs and disbursements of this action.

29. The employment and work records for the plaintiffs are in the possession, custody and control of the defendant, and plaintiffs are unable to state precisely at this time the exact amounts owing to them. The defendant is under a duty imposed by 29 U.S.C. §211(c) and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to plaintiffs from which some of the amounts of defendant's liability can be ascertained.

PRAYER FOR RELIEF

WHEREFORE, plaintiffs request the following relief:

(a) a declaratory judgment that the defendant has violated their statutory and legal obligations and deprived the plaintiffs of their rights, protections and entitlements under the Fair

Labor Standards Act as alleged herein;

(b) an order for a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

c) judgment against the defendant awarding plaintiffs monetary damages equal to back pay compensation due them under the Fair Labor Standards Act, together with liquidated damages in an equal amount, appropriate interest, attorneys fees, and the costs and disbursements of this action;

(d) such other and further relief as the Court deems proper.

April 6, 2009

Respectfully submitted,

_____
Jason M. Tangeman
ANTHONY, NICHOLAS & TANGEMAN, LLC
170 North Fifth Street
P.O. Box 928
Laramie, Wyoming 82072
307-742-7140
307-742-7354 (fax)
jtangeman@wyolegal.com

_____
Alan S. Kaufman
Robert A. Jones
CHAMBERLAIN, KAUFMAN & JONES
35 Fuller Road
Albany, New York 12205
518-435-9426
518-435-9102 (fax)
Ask@flsa.com

Exhibit A

## CONSENT TO BECOME PARTY PLAINTIFF IN FLSA ACTION

The Undersigned employee or former employee hereby gives his/her consent to become a party plaintiff in this court action seeking overtime pay and other relief under the Fair Labor Standards Act in accordance with a confidential retainer agreement executed by the undersigned for such purpose.

Name: _Paul A. Mumby I_
(PLEASE PRINT NEATLY)

Employer: Pure Energy Services

2-17-____, 2009

_____
Signature

## CONSENT TO BECOME PARTY PLAINTIFF IN FLSA ACTION

The Undersigned employee or former employee hereby gives his/her consent to become a party plaintiff in this court action seeking overtime pay and other relief under the Fair Labor Standards Act in accordance with a confidential retainer agreement executed by the undersigned for such purpose.

Name: _Eric Holtzclaw_
(PLEASE PRINT NEATLY)

Employer:   Pure Energy Services

March 5, 2009

Signature

## CONSENT TO BECOME PARTY PLAINTIFF IN FLSA ACTION

The Undersigned employee or former employee hereby gives his/her consent to become a party plaintiff in this court action seeking overtime pay and other relief under the Fair Labor Standards Act in accordance with a confidential retainer agreement executed by the undersigned for such purpose.

Name: _William G. Johnson_
(PLEASE PRINT NEATLY)

Employer:   Pure Energy Services

_March 10_, 2009

_[signature]_
Signature

## CONSENT TO BECOME PARTY PLAINTIFF IN FLSA ACTION

The Undersigned employee or former employee hereby gives his/her consent to become a party plaintiff in this court action seeking overtime pay and other relief under the Fair Labor Standards Act in accordance with a confidential retainer agreement executed by the undersigned for such purpose.

Name: _John Michael Pazej JR._
(PLEASE PRINT NEATLY)

Employer:    Pure Energy Services

_2-27_, 2009                                                            _John M. Pazej Jr._
                                                                                        Signature

## CONSENT TO BECOME PARTY PLAINTIFF IN FLSA ACTION

The Undersigned employee or former employee hereby gives his/her consent to become a party plaintiff in this court action seeking overtime pay and other relief under the Fair Labor Standards Act in accordance with a confidential retainer agreement executed by the undersigned for such purpose.

Name: _Ritta Peavler_
(PLEASE PRINT NEATLY)

Employer:   Pure Energy Services

_02-23_, 2009                                         _[signature]_
                                                                      Signature

## CONSENT TO BECOME PARTY PLAINTIFF IN FLSA ACTION

The Undersigned employee or former employee hereby gives his/her consent to become a party plaintiff in this court action seeking overtime pay and other relief under the Fair Labor Standards Act in accordance with a confidential retainer agreement executed by the undersigned for such purpose.

Name: _James G. Rauch_
(PLEASE PRINT NEATLY)

Employer:   Pure Energy Services

_2-20_, 2009

_James D. Rauch_
Signature

## CONSENT TO BECOME PARTY PLAINTIFF IN FLSA ACTION

The Undersigned employee or former employee hereby gives his/her consent to become a party plaintiff in this court action seeking overtime pay and other relief under the Fair Labor Standards Act in accordance with a confidential retainer agreement executed by the undersigned for such purpose.

Name: ___Jerome G. Rauch___
(PLEASE PRINT NEATLY)

Employer:  Pure Energy Services

___2-20___, 2009

_____
Signature

## CONSENT TO BECOME PARTY PLAINTIFF IN FLSA ACTION

The Undersigned employee or former employee hereby gives his/her consent to become a party plaintiff in this court action seeking overtime pay and other relief under the Fair Labor Standards Act in accordance with a confidential retainer agreement executed by the undersigned for such purpose.

Name: _David Reddin_
(PLEASE PRINT NEATLY)

Employer: Pure Energy Services

02/19, 2009

_David Reddin_
Signature